THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PIECE MANAGEMENT, INC.,                                        Action No.:

                             Plaintiff,

                   - against -                                        **COMPLAINT**

COLONY INSURANCE COMPANY,

                            Defendant.
------------------------------------------------------------------------X

Plaintiff Piece Management, Inc. ("Piece"), by its attorneys, Chartwell Law, as and for its complaint against defendant Colony Insurance Company ("Colony"), respectfully alleges the following:

## NATURE OF THE ACTION

1. Piece seeks a judgment: (i) declaring that Colony has a duty to defend and indemnify it on a primary and non-contributory basis in the underlying personal injury action commenced by Duberney Villamizar; and (ii) to reimburse Piece for defense costs incurred on its behalf.

## JURISDICTION AND VENUE

2. At all times hereinafter mentioned, Piece is a company organized under the laws of New York, with its principal place of business located in New York.

3. At all times hereinafter mentioned, Piece is duly authorized to conduct business within New York.

4. Upon information and belief, at all times hereinafter mentioned, Colony is an insurance company organized under the laws of Virginia, with its principal place of business located in Virginia.

5. Upon information and belief, at all times hereinafter mentioned, Colony conducts business within the State of New York.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (a) by reason of the diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000 exclusive of costs.

7. Venue is appropriate in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391.

## SUBSTANTIVE ALLEGATIONS

8. Duberney Villamizar commenced an action against G.D.C.L. Holdings LLC, 61 Ninth Avenue Development, LLC and Starbucks Corporation by filing a summons and verified complaint in the Supreme Court of the State of New York, County of New York, on or about May 25, 2021 (the "Villamizar Action").  The Villamizar Action is proceeding under Index No. 155093/2021.

9. On July 14, 2023, Villamizar filed an amended verified complaint that added Piece as a defendant in the Villamizar Action with G.D.C.L. Holdings LLC, 61 Ninth Avenue Development, LLC and Starbucks Corporation (collectively "Defendants").

10. The amended complaint alleges that on April 30, 2021, Villamizar sustained personal injuries on the sidewalk abutting the premises located at 61 Ninth Avenue, New York, New York (the "Premises") due to the collapse of a tent/umbrella/gazebo.

11. The amended complaint alleges that the negligence of defendants and their employees, agents, and servants proximately caused the accident.

12. On September 20, 2023, Piece commenced a third-party action against Nicon Consulting & Construction Corp. ("Nicon") by serving a third-party summons and third-party complaint. The third-party complaint incorporates the first-party pleadings by reference.

13. The third-party complaint alleges Nicon was a party to written contract(s)/agreement(s) with Piece to construct the tent/umbrella/gazebo on the sidewalk abutting the Premises prior to April 30, 2021.

14. The third-party complaint alleges that Nicon's carelessness and negligence in constructing the tent/umbrella/gazebo was the proximate cause of Villamizar's accident and asserts claims against Nicon, *inter alia*, for common law contribution, common law indemnification, contractual indemnification and breach of contract for failure to procure insurance.

15. Prior to April 30, 2021, Piece retained Nicon to install the tent/umbrella/gazebo on the sidewalk in front of the Premises pursuant to a Subcontractor Service Agreement (the "Service Agreement").

16. The Service Agreement requires Nicon to maintain general liability insurance and excess liability insurance and requires Nicon to add Piece as additional insureds.

17. The Service Agreement further requires Nicon's general liability and excess general liability policies be primary to Piece's insurance.

## AS AND FOR A FIRST CLAIM FOR RELIEF

18. Piece repeats and reiterates the allegations contained in paragraphs "1" through "17" as if more fully set forth herein.

19. Upon information and belief, Colony issued and delivered to Nicon a general liability policy, bearing policy number 103GL0028575-01, which was effective on April 30, 2021 (the "Colony Primary Policy").

20. Upon information and belief, Colony issued and delivered to Nicon an excess policy, bearing policy number AR4236007, which was effective on April 30, 2021 (the "Colony Excess Policy" or collectively with the Colony Primary Policy the "Colony Policies").

21. Upon information and belief, the Colony Policies were in full force and effect for the benefit of Piece on the date of the alleged accident that forms the basis of the Villamizar Action.

22. Piece qualifies as an insured or an additional insured under the Colony Policies.

23. Piece timely tendered its defense and indemnity of the Villamizar Action to Colony and has duly demanded that Colony assume its responsibilities and obligations to Piece, but Colony has failed and refused to perform its obligations under the Colony Policies.

24. Colony wrongfully refused to defend and indemnify Piece and has wrongfully failed to assume its obligations to Piece.

25. Colony has failed to properly provide sufficient grounds or any grounds as to why it will not defend and indemnify Piece in the Villamizar Action.

26. Piece hereby seeks a declaration requiring Colony to defend and indemnify Piece on a primary and noncontributory basis in the Villamizar Action up to the limits of the Colony Policies.

27. As a result of Colony' failure to acknowledge its primary duty to defend Piece, Piece has incurred substantial attorneys' fees and other costs to defend itself for the Villamizar Action.

28. Piece is entitled to a money judgment against Colony in an amount equal to what it has incurred and will incur to defend itself in the Villamizar Action, in an amount to be determined by the Court.

29. Piece has no adequate remedy at law.

**WHEREFORE**, Piece is entitled to:

a.  On the first claim for relief, a judgment declaring that Colony is required to defend and indemnify Piece under the Colony Policies on a primary and noncontributory basis and that Colony must reimburse Piece for all defense costs incurred by it or on its behalf in the Villamizar Action; and

b.  For such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 13, 2023

**CHARTWELL LAW**

By: _____
Matthew Kraus, Esq. (MK0621)
*Attorneys for Plaintiff*
One Battery Park Plaza, Suite 710
New York, New York 10004
(212) 968-2300