UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
PIECE MANAGEMENT, INC.,

                              Plaintiff,                    Civil Case No.: 1:23-cv-09023-JPC

**ANSWER**

        -against-

COLONY INSURANCE COMPANY,

                              Defendant.
----------------------------------------------------------------------X

Defendant, Colony Insurance Company ("Colony") Answers the Complaint ("Complaint") as follows:

## NATURE OF THE ACTION

1. The allegations in paragraph "1" of the Complaint assert a legal conclusion to which no response in required and Colony respectfully submits all questions of law to the Court. To the extent that a response is required, denies.

## JURISDICTION AND VENUE

2. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint.

3. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

4. Admits only that Colony is licensed as a non-admitted insurer in New York.

5. Admits only that Colony is licensed as a non-admitted insurer in New York.

6. The allegations in paragraph "6" of the Complaint assert a legal conclusion to which no response in required and Colony respectfully submits all questions of law to the Court.

7. The allegations in paragraph "7" of the Complaint assert a legal conclusion to which no response in required and Colony respectfully submits all questions of law to the Court.

## **SUBSTANTIVE ALLEGATIONS**

8. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint and begs leave to refer to the Villamizar Action in its entirety at time of trial.

9. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint and begs leave to refer to the amended verified complaint in its entirety at time of trial.

10. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint and begs leave to refer to the amended verified complaint in its entirety at time of trial.

11. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint and begs leave to refer to the amended verified complaint in its entirety at time of trial.

12. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint and begs leave to refer to the third-party action in its entirety at time of trial.

13. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint and begs leave to refer to the third-party complaint in its entirety at time of trial.

4892-2051-2417, v. 1

14. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint and begs leave to refer to the third-party complaint in its entirety at time of trial.

15. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint and begs leave to refer to the Service Agreement in its entirety at time of trial.

16. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint and begs leave to refer to the Service Agreement in its entirety at time of trial.

17. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint and begs leave to refer to the Service Agreement in its entirety at time of trial.

## AS AND FOR A FIRST CLAIM FOR RELIEF

18. Paragraph "18" is a statement for which no response is required.

19. Admits only that any Colony Policy provides coverage pursuant to its terms, conditions, exclusions, endorsements and provisions and begs leave to refer to the relevant Colony Policy in its entirety at time of trial.

20. Admits only that any Colony Policy provides coverage pursuant to its terms, conditions, exclusions, endorsements and provisions and begs leave to refer to the relevant Colony Policy in its entirety at time of trial.

21. Paragraph "21" uses undefined terms such as "full force and effect" and begs leave to refer any Colony Policies in their entirety at time of trial. To the extent that a response is required, denies.

4892-2051-2417, v. 1

22. Admits only that any Colony Policies provide coverage pursuant to their terms, conditions, exclusions, endorsements and provisions and begs leave to refer to any Colony Policies in their entirety at time of trial.

23. Paragraph "23" of the Complaint is incomprehensible. Admits only that any Colony Policies provide coverage pursuant to their terms, conditions, exclusions, endorsements and provisions and begs leave to refer to any Colony Policies in their entirety at time of trial. Colony otherwise denies.

24. Denies each and every allegation contained in paragraph "24" of the Complaint.

25. Denies each and every allegation contained in paragraph "25" of the Complaint.

26. The allegations in paragraph "26" of the Complaint assert a legal conclusion to which no response in required and Colony respectfully submits all questions of law to the Court. To the extent that a response is required, denies.

27. Denies each and every allegation contained in paragraph "27" of the Complaint.

28. Denies each and every allegation contained in paragraph "28" of the Complaint.

29. Denies each and every allegation contained in paragraph "29" of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Colony Policy)

The terms and conditions of any applicable Colony Policy preclude coverage.

### SECOND AFFIRMATIVE DEFENSE
(Justiciability)

Plaintiff's claims against Colony are barred, in whole or in part, because there is no justiciable claim or controversy.

### THIRD AFFIRMATIVE DEFENSE
### (Contract Terms, Exclusions, Conditions and Limitations)

Plaintiff's claims against Colony are barred, in whole or in part, by the terms, exclusions, conditions, endorsements and limitations of any applicable Colony Policy.

### FOURTH AFFIRMATIVE DEFENSE
### (Proof of Terms of Contract)

Plaintiff's claims against Colony are barred, in whole or in part, unless it can prove the existence, terms, conditions, exclusions, endorsements, and/or limits of any policy or contract granting it a right against Colony, including but not limited to proving the terms, conditions, exclusions, endorsements and/or limits of any applicable Colony Policy as alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Particularize Claims)

The Complaint does not describe the claims made against Colony with sufficient particularity to enable Colony to determine all defenses (including defenses based upon the terms, conditions or exclusions of any applicable Colony Policy) it has to this suit. Colony therefore reserves the right to assert additional defenses that may be pertinent to the Complaint once the precise nature of each claim is ascertained through discovery and investigation.

### SIXTH AFFIRMATIVE DEFENSE
### (Costs, Expenses and Fees)

Plaintiff is not entitled to recover from Colony its costs, expenses or attorneys' fees in this action.

### SEVENTH AFFIRMATIVE DEFENSE
### (Colony Policy)

Plaintiff's claims against Colony are precluded pursuant to the Exclusion – Designated Ongoing Operations And Products-Completed Operations Hazard endorsement.

### EIGHTH AFFIRMATIVE DEFENSE
### (Ripeness)

Plaintiff's claims against Colony are barred because Plaintiff has not been prejudiced or suffered any loss and as such any claims are not ripe for adjudication.

### NINTH AFFIRMATIVE DEFENSE
### (Colony Policy)

Plaintiff's claims against Colony are barred because there are no potentially covered claims under any policy Colony issued.

4892-2051-2417, v. 1

## TENTH AFFIRMATIVE DEFENSE
(Complaint)

The Complaint for insurance declaratory relief is improperly brought as a matter of law.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Colony has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. Colony reserves the right to amend or seek to amend its Answer and/or Affirmative Defenses.

## PRAYER FOR RELIEF

WHEREFORE, Colony respectfully demands the entry of judgment in its favor and against Plaintiff as follows:

A. Dismissing the Complaint in its entirety with prejudice;

B. Awarding Colony the costs of defending this action, including its attorneys' fees and expenses; and

C. Granting Colony such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 1, 2024

LONDON FISCHER LLP

By: /s/ William J. Edwins
James Walsh
William J. Edwins
Attorneys for Defendant
Colony Insurance Company
59 Maiden Lane, 39th Floor
New York, New York 10038
(212) 972-1000
jwalsh@LondonFischer.com
wedwins@LondonFischer.com
LF File No.: 417.0567249

4892-2051-2417, v. 1